Filed 11/5/15  P. v. Holt CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B262825 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. YA025267 & A925859) |
| v. | |
| LEWIS BERNARD HOLT, | |
| Defendant and Appellant. | |

THE COURT:[*]

Lewis Bernard Holt (defendant) appeals from an order denying his petition for resentencing pursuant to Proposition 47 (Pen. Code, § 1170.18).[1]  In 1996, defendant was convicted of first degree burglary (§ 459).  Defendant was sentenced to 25 years to life plus two consecutive five-year enhancements for two prior serious felony convictions (§ 667, subd. (a)).  In 1998, we affirmed the conviction in an unpublished opinion (B108300), but modified the sentence to strike one of the enhancements.

Defendant filed a petition for resentencing pursuant to Proposition 47 which was denied by the court on December 30, 2014, because defendant's conviction for first degree burglary did not qualify for sentence reduction.  (§ 1170.18, subd. (a).)

---

[*]  BOREN, P.J.,           ASHMANN-GERST, J.,           HOFFSTADT, J.

[1]  All further references to statutes are to the Penal Code, unless stated otherwise.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On July 15, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

Proposition 47, embodied, in part, in section 1170.18, provides, as is pertinent here, "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section[s] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." None of those sections apply to the crime of first degree burglary; therefore, defendant is not eligible for resentencing under section 1170.18.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.